**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4148-17T1

PATRICIA EAK and JOSEPH
EAK, her husband,

     Plaintiffs-Appellants,

v.

CENTRAL REGIONAL SCHOOL
DISTRICT, CENTRAL REGIONAL
HIGH SCHOOL, and CENTRAL
REGIONAL BOARD OF EDUCATION,

     Defendants-Respondents.

_____

        Argued March 5, 2019 – Decided March 26, 2019

        Before Judges Fisher and Hoffman.

        On appeal from Superior Court of New Jersey, Law
        Division, Ocean County, Docket No. L-2201-16.

        Justin Lee Klein argued the cause for appellants
        (Hobbie, Corrigan & DeCarlo, PC, attorneys; Justin
        Lee Klein, of counsel and on the brief).

        Mitchell S. Berman argued the cause for respondents.

PER CURIAM

On May 5, 2015, plaintiff Patricia Eak arrived at Central Regional High School to watch her son play baseball on the junior varsity field, as she had done approximately ten other times. She parked in an adjacent lot and walked toward the field, crossing the parking lot and a driveway. She stepped over a curb, onto a grassy downward slope, and then walked toward the bleachers on the third-base side. As she walked down the slope, plaintiff somehow stumbled[1] without falling and broke her ankle.

Plaintiff commenced this personal injury action against defendants in August 2016.[2] After discovery was completed, defendants successfully moved for summary judgment, and plaintiff now appeals, arguing summary judgment should not have been granted because:

> I. THE TRIAL COURT MISAPPLIED THE SUMMARY JUDGMENT STANDARD, PARTICULARLY IN THE CONTEXT OF THE TORT CLAIMS ACT.
>
> II. DEFENDANTS' LIABILITY FOR THE DANGEROUS CONDITION OF THEIR PROPERTY SHOULD BE DECIDED BY A JURY.

---

[1] At her deposition, plaintiff testified that she did not notice anything that contributed to the accident and she did not recall tripping over anything.

[2] The complaint included her husband's loss of consortium claim. Notwithstanding his status as a plaintiff, our references to "plaintiff" relate only to Patricia Eak.

2

A. A Jury Could Reasonably Conclude
That Defendants' Athletic Complex Was In
A Dangerous Condition.

B. A Jury Could Reasonably Conclude
That Plaintiffs Satisfied The Other
Elements To Establish Defendants'
Liability Pursuant To N.J.S.A. 59:4-2.

III. DEFENDANTS WERE NOT ENTITLED TO
SUMMARY JUDGMENT UNDER N.J.S.A. 59:2-3(c).

Even when viewing the facts in the light most favorable to plaintiff, see Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445 (2007); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995), we find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), adding only a few brief comments about whether defendants were entitled to the immunity provided by the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3.

We start with an understanding that the grassy area on which plaintiff stumbled was an unimproved condition. The evidential materials provided in the moving and opposing papers unmistakably show a gradual slope from the

3

turf abutting the parking lot toward the playing field.[3] The Tort Claims Act declares that "[n]either a public entity nor a public employee is liable for an injury caused by a condition of any unimproved public property . . . ." N.J.S.A. 59:4-8. Public property is improved "when there has been substantial physical modification of the property from its natural state, and when the physical change creates hazards that did not previously exist and that require management by the public entity." Troth v. State, 117 N.J. 258, 269-70 (1989). Improving a portion of property does not eliminate immunity from unimproved areas of the property. Id. at 272.

Although it is true the playing fields on this school's property and some of the surrounding areas had been improved through the addition of steps and walkways to other fields, defendants made no similar change to the grounds between the parking lot and the junior varsity field.[4] Notwithstanding the improvements taken elsewhere, the unimproved areas are not transformed so as

_____

[3] In light of the applicable summary judgment standard, we also assume, despite debate about this in the trial court, that the slope provided the only means to access the field.

[4] The record reveals the playing fields were built in the 1950s or 1960s and, between 2010 and 2014, other parts of the complex were renovated and paths and stairs were installed but not around the junior varsity field.

to impose a standard other than N.J.S.A. 59:4-8. We agree with the motion judge's view of the circumstances:

> The area which the plaintiff fell was a natural condition. Certainly there are hazards in walking along surfaces which are not perfectly flat. This was one of them. There was no hidden danger, there was no sprinkler head, there was no valve cover, there was nothing that caused the plaintiff to lodge her foot or lose her balance or the like. It was a natural condition of the property which was well known to everyone who traversed it and it was not the only passageway between the parking lot and the field.[5]
>
> The [c]ourt finds that there has been no violation of the plaintiff's right and Central Regional is entitled tort claims immunity in this case. I stand squarely on that proposition, and the Court would cite Carr versus Dover Township . . . which is an unreported Appellate Division case which mirrors the issue in this one.[6]

Plaintiff was hurt on a slope that was a natural part of the landscape and would have remained so regardless of whether the school built the field. We agree that no liability attached to defendants for this unimproved portion of its property.

---

[5] As noted earlier, there was a dispute about the availability of other means of accessing the field. For present purposes and in providing plaintiff with an understanding of the facts most favorable to her, we assume this pathway was the only means of reaching the junior varsity field.

[6] The judge mistakenly relied on and cited this unreported decision. R. 1:36-3. Notwithstanding, the principles contained in Troth are the same and warrant the same conclusion the judge reached by citing our unpublished opinion.

Plaintiff also argues the slope constituted a dangerous condition, citing N.J.S.A. 59:4-2, which renders a public entity liable for an injury if it can be established that the public property

> was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, [and] that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred . . . .

To establish liability via this provision, a plaintiff must also show that either a public employee "within the scope of his employment created the dangerous condition," N.J.S.A. 59:4-2(a), or the public entity "had actual or constructive notice of the dangerous condition" in time "to have taken measures to protect against the dangerous condition," N.J.S.A. 59:4-2(b). This provision further obligates a plaintiff to show that any steps taken by the public entity to protect against the dangerous condition were palpably unreasonable. N.J.S.A. 59:4-2. The evidential materials offered by plaintiff supports none of these concepts.

Plaintiff provided an expert report from an engineer to support its claim of defendants' liability. The expert, however, did not assert that the condition of the property was dangerous, only that it could have been made safer. We note also that the expert refers to standards for accessible design enacted pursuant to the Americans With Disabilities Act, claiming the degree of the incline, ranging

from twenty to forty percent in the area,[7] was improper. Plaintiff, however, does not claim to be disabled, and the expert did not assert that the degree of the incline was dangerous.

Moreover, we again observe that we have been asked to consider unimproved, not improved property. The open and obvious gentle slope leading to this ballfield is not dangerous. Even if it were, there is no evidence to suggest defendants had actual or constructive knowledge of this alleged dangerous propensity. And it cannot be said that defendants' failure to do anything to change the contour of the property or install steps or railings was palpably unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] We do not see anything in the report that specifies where plaintiff's injury occurred and what the degree of the incline in that specific location might have been.

A-4148-17T1